P. 1 OF 5

# TRUTH-IN-LENDING DISCLOSURE STATEMENT

LENDER OR LENDER'S AGENT:
LEHMAN BROTHERS BANK, FSB
327 INVERNESS DRIVE SOUTH
ENGLEWOOD, CO 80112

BORROWERS: STANISLAW S CHRUPCZAK

☐ Preliminary  [X] Final
DATE: 2/09/2007
LOAN NO.: 0045104320
Type of Loan: CONV UNINS ARM
A56C - 0

ADDRESS: 8314 WEST 91ST STREET
CITY / STATE / ZIP: HICKORY HILLS, IL 60457
PROPERTY: 8314 WEST 91ST STREET
HICKORY HILLS, IL 60457

INTEREST RATE: 7.500
INDEX USED 5.398

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 11.139 % | $ 1,113,604.24 | $ 316,454.09 | $ 1,430,058.33 |

PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 44 | 1,093.33 | 4/01/2007 | | | |
| 16 | 2,351.74 | 12/01/2010 | | | |
| 60 | 4,233.13 | 4/01/2012 | | | |
| 239 | 4,543.09 | 4/01/2017 | | | |
| 1 | 4,537.66 | 3/01/2037 | | | |

DEMAND FEATURE: [X] This loan does not have a Demand Feature.  ☐ This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE

[X] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at: 8314 WEST 91ST STREET HICKORY HILLS, IL 60457

ASSUMPTION: Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms
☐ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

FILING / RECORDING FEES: $ 110.00

PROPERTY INSURANCE: Property hazard insurance is a required condition for this loan. You may purchase this insurance from any insurance company acceptable to the Lender.
☐ Hazard insurance is available through the lender at an estimated cost of $ _____ for _____ years.

LATE CHARGES: If your payment is more than 15 days late, a late charge of 5.00 % of the overdue payment of principal and interest will be assessed.

PREPAYMENT: If you pay off your loan early, you
☐ may  [X] will not  have to pay a penalty.

# DEFINITION OF TRUTH-IN-LENDING TERMS

## ANNUAL PERCENTAGE RATE

This is not the Note rate for which the borrower applied. The Annual Percentage Rate (APR) is the cost of the loan in percentage terms taking into account various loan charges of which interest is only one such charge. Other charges which are used in calculation of the Annual Percentage Rate are Private Mortgage Insurance or FHA Mortgage Insurance Premium (when applicable) and Prepaid Finance Charges (loan discount, origination fees, prepaid interest and other credit costs). The APR is calculated by spreading these charges over the life of the loan which results in a rate generally higher than the interest rate shown on your Mortgage/Deed of Trust Note. If interest was the only Finance Charge, then the interest rate and the Annual Percentage Rate would be the same.

## PREPAID FINANCE CHARGES

Prepaid Finance Charges are certain charges made in connection with the loan and which must be paid upon the close of the loan. These charges are defined by the Federal Reserve Board in Regulation Z and the charges must be paid by the borrower. Non-Inclusive examples of such charges are: Loan origination fee, "Points" or Discount, Private Mortgage Insurance or FHA Mortgage Insurance, Tax Service Fee. Some loan charges are specifically excluded from the Prepaid Finance Charge such as appraisal fees and credit report fees.

Prepaid Finance Charges are totaled and then subtracted from the Loan Amount (the face amount of the Deed of Trust/Mortgage Note). The net figure is the Amount Financed as explained below.

## FINANCE CHARGE

The amount of interest, prepaid finance charge and certain insurance premiums (if any) which the borrower will be expected to pay over the life of the loan.

## AMOUNT FINANCED

The Amount Financed is the loan amount applied for less the prepaid finance charges. Prepaid finance charges can be found on the Good Faith Estimate/Settlement Statement (HUD-1 or 1A). For example if the borrower's note is for $100,000 and the Prepaid Finance Charges total $5,000, the Amount Financed would be $95,000. The Amount Financed is the figure on which the Annual Percentage Rate is based.

## TOTAL OF PAYMENTS

This figure represents the total of all payments made toward principal, interest and mortgage insurance (if applicable).

## PAYMENT SCHEDULE

The dollar figures in the Payment Schedule represent principal, interest, plus Private Mortgage Insurance (if applicable). These figures will not reflect taxes and insurance escrows or any temporary buydown payments contributed by the seller.

# TRUTH IN LENDING DISCLOSURE
## AMOUNT OF PREPAID FINANCE CHARGE

EXHIBIT
F
P. 3 OF 5

_____ Preliminary   _x_ Final

Loan Number:   0045223864

Itemization of the Amount Financed: $   39,723.14

| # | Description | $ | Amount |
|---|---|---|---|
| 801. | Loan Origination Fee | $ | |
| 802. | Loan Discount Fee | $ | 410.00 |
| 806. | Mortgage Insurance Application | $ | |
| 807. | Assumption Fee | $ | |
| 808. | Mortgage broker fee | $ | |
| 809. | Courier fee | $ | |
| 810. | Tax related service fee | $ | |
| 811. | UNDERWRITING FEE | $ | |
| 812. | BORROWER PD BUYDOWN FEE | $ | |
| 813. | Administration Fee | $ | 125.00 |
| 816. | ~~MERS Registration/Service~~ | $ | ~~4.95~~ |
| 817. | | $ | |
| 818. | | $ | |
| 819. | | $ | |
| 820. | | $ | |
| | | $ | |
| 901. | Prepaid Interest 15 day(s) @ $ 9.127 | $ | 136.91 |
| 902. | MIP/PMI and VA Funding Fee | $ | |
| | | $ | |
| 1002. | Mortgage Insurance | $ | |
| | | $ | |
| 1101. | Settlement or Closing Fee | $ | 250.00 |
| 1105. | Document Preparation Fee | $ | 200.00 |
| 1106. | Notary Fee | $ | |
| 1107. | Attorney Fee | $ | |
| 1111. | Title Company Courie | $ | 150.00 |
| 1112. | | $ | |
| 1113. | | $ | |
| | | $ | |
| 1204. | | $ | |
| 1205. | | $ | |
| | | $ | |
| 1303. | Flood Certification fee | $ | |
| 1304. | Wire Transfer | $ | |
| 1305. | Escrow Transfer | $ | |
| 1306. | | $ | |
| 1307. | | $ | |
| 1308. | | $ | |
| | TOTAL PREPAID FINANCE CHARGE: | $ | 1,276.86 |

## Fee Schedule

The following fees must be indicated on the HUD-1 Settlement Statement. In the * column, "P" means "paid outside of closing" and "N" means the fee has been netted from the Lender's funds. If an amount is reflected in the Collect from Seller/Other column, the next column to the right will more specifically identify from whom - with one of the following codes: "S" means Seller, "O" means Other, and "B" means Broker. The fees must be collected from the indicated parties.

| Description | Paid to | * | Collect from Borrower | Collect from Seller/Other | |
|---|---|---|---|---|---|
| Origination Fee:      % | Lender: LEHMAN BROTHERS BANK | N | | | |
| | Broker: ELITE FINANCIAL INVE | | | | |
| Discount Fee: 1.000 % | Lender: LEHMAN BROTHERS BANK | N | 410.00 | | |
| | Broker: ELITE FINANCIAL INVE | | | | |
| Appraisal Fee | | | | | |
| Credit Report Fee | | | | | |
| Lender Inspection | | | | | |
| Mortgage Insurance Application | | | | | |
| Assumption Fee | | | | | |
| Mortgage Broker Fee | | | | | |
| Courier/Express Mail | | | | | |
| Tax Related Service Fee | | | | | x |
| Underwriting Fee | | x | | | x |
| Administration Fee | Lehman Brothers Bank | N | 125.00 | | x |
| MERS Registration/Se | Lehman Brothers Bank | N | 4.95 | | x |
| | | x | | | |
| | | | | | |
| | | | | | |
| PMI/MIP/FF | NO PMI IN EFFECT/INV | | | | |
| | NO PMI IN EFFECT/INV | N | | | |
| Hazard Insurance | | | | | |
| Flood Insurance | | | | | |
| Title Company Courie | LAWYERS TITLE | | 150.00 | | |
| Survey Fee | | | | | |
| Pest Inspection Fee | | | | | |
| Flood Certification Fee | | | | | |
| Wire Transfer | | | | | |

# TRUTH IN LENDING DISCLOSURE

## AMOUNT OF PREPAID FINANCE CHARGE

ExHIBIT,
P. 5 OF

_____ Preliminary   _x_ Final

Loan Number:   0045104320

Itemization of the Amount Financed:  $   316,454.09

| # | Description | | Amount |
|---|---|---|---|
| 801. | Loan Origination Fee | $ | 8,200.00 |
| 802. | Loan Discount Fee | $ | |
| 806. | Mortgage Insurance Application | $ | |
| 807. | Assumption Fee | $ | |
| 808. | Mortgage broker fee | $ | |
| 809. | Courier fee | $ | |
| 810. | Tax related service fee | $ | 72.00 |
| 811. | UNDERWRITING FEE | $ | |
| 812. | BORROWER PD BUYDOWN FEE | $ | |
| 813. | Administration Fee | $ | 465.00 |
| 816. | MERS Registration/Service | $ | 4.95 |
| 817. | Flood Monitor/CombinedFee | $ | 15.00 |
| 818. | Processing Fee | $ | 1,298.00 |
| 819. | | $ | |
| 820. | | $ | |
| | | $ | |
| 901. | Prepaid Interest  15 day(s) @ $ 67.397 | $ | 1,010.96 |
| 902. | MIP/PMI and VA Funding Fee | $ | |
| | | $ | |
| 1002. | Mortgage Insurance | $ | |
| | | $ | |
| 1101. | Settlement or Closing Fee | $ | 175.00 |
| 1105. | Document Preparation Fee | $ | 200.00 |
| 1106. | Notary Fee | $ | |
| 1107. | Attorney Fee | $ | |
| 1111. | Title Company Courie | $ | 30.00 |
| 1112. | Handling | $ | 75.00 |
| 1113. | | $ | |
| | | $ | |
| 1204. | | $ | |
| 1205. | | $ | |
| | | $ | |
| 1303. | Flood Certification fee | $ | |
| 1304. | | $ | |
| 1305. | Escrow Transfer | $ | |
| 1306. | | $ | |
| 1307. | | $ | |
| 1308. | | $ | |
| | TOTAL PREPAID FINANCE CHARGE: | $ | 11,545.91 |

EXHIBIT G
P. 1 OF 5

Return To:

   AURORA LOAN SERVICES, LLC
   601 5th Ave, PO Box 4000
   Scottsbluff, NE 69363

Prepared By:

   HEIDI LONG
   327 INVERNESS DRIVE SOUTH
   ENGLEWOOD, CO 80112

# MORTGAGE

MIN 100025440003640965

THIS MORTGAGE is made this 9 day of February 2007, between the Mortgagor,
STANISLAW S CHRUPCZAK and Elzbieta T. Chrupczak
S.C.   E.C.

(herein "Borrower"), and the Mortgagee, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK
("Lender") is organized and existing under the laws of UNITED STATES
and has an address of
   327 INVERNESS DRIVE SOUTH, ENGLEWOOD, CO. 80112
WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 41,000.00, which indebtedness is evidenced by Borrower's note dated February 9, 2007 and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on March 1, 2037;
TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County of Cook,
State of Illinois:
   All that tract or parcel of land as shown on Schedule "A" attached
   hereto which is incorporated herein and made a part hereof.

ILLINOIS - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

VMP-76N(IL) (0204)
Page 1 of 5
VMP MORTGAGE FORMS - (800)521-7291

Form 3814
Amended 2/01
Initials: S.C.  E.C.



Parcel ID #:
which has the address of     8314 WEST 91ST STREET                                    [Street],
                              HICKORY HILLS[City], Illinois     60457 [ZIP Code] (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

Initials: S.C.   E.C.

-76N(IL) (0204)                                     Page 2 of 5                                        Form 3814

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions

Initials: E.C.
         E.C.

of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees and costs of documentary evidence, abstracts and title reports.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

100025440003640965   *EXHIBIT*
0045223864

*Y. 5 OF*

## REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

_____ (Seal)
STANISLAW S CHRUPCZAK      -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

(Sign Original Only)

STATE OF ILLINOIS,             Cook           County ss:
I, Ariana Zamora
a Notary Public in and for said county and state do hereby certify that

Stanislaw S. Chrupczak

, personally known to me to be the same person(s) whose name(s) subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he/she/they signed and delivered the said instruments as his/her/their free and voluntary act, for the uses and purposes therein set forth.
Given under my hand and official seal, this   9th   day of   February   2007.

My Commission Expires:   9-29-2010

_____
Notary Public

"OFFICIAL SEAL"
ARIANA ZAMORA
Notary Public, State of Illinois
My Commission Expires Sept. 29, 2010

-76N(IL) (0204)                    Page 5 of 5                              Form 3814

# ADJUSTABLE RATE NOTE

(Six-Month LIBOR Index (As Published In *The Wall Street Journal*) – Negative Amortization)

THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY. THIS NOTE ALLOWS MONTHLY PAYMENT OPTIONS FOR AN INITIAL PERIOD. THIS NOTE MAY REQUIRE UNPAID INTEREST TO BE ADDED TO LOAN PRINCIPAL AND REQUIRE ME TO PAY ADDITIONAL INTEREST ON THE UNPAID INTEREST (NEGATIVE AMORTIZATION).

February 9, 2007           NAPERVILLE              ILLINOIS
[Date]                     [City]                  [State]

8314 WEST 91ST STREET, HICKORY HILLS, ILLINOIS 60457
[Property Address]

1. **BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 328,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is
LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK
I will make all payments under this Note in the form of cash, check or money order.
I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will accrue interest at a yearly rate of 7.500 %. The interest rate I will pay may change in accordance with Section 4 of this Note.
The interest rate required by this Section 2 and Section 4 of this Note is the rate I will accrue both before and after any default described in Section 7(B) of this Note.

3. **PAYMENTS**

(A) Time and Place of Payments
I will make my monthly payments on the first day of each month beginning on April 1, 2007
. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal, if any. If, on March 1, 2037
, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at
LEHMAN BROTHERS BANK, FSB
327 INVERNESS DRIVE SOUTH, ENGLEWOOD, CO 80112
or at a different place if required by the Note Holder.

(B) Amount of My Monthly Payments.
I will pay interest by making payments in the amount of U.S. $ 1,093.33 (the "Minimum Payment") every month until either (i) the first Interest Change Date set forth in Section 4(A) or (ii) payment of the Minimum Payment on my next scheduled payment date would cause my principal balance to exceed the Maximum

*MULTISTATE – 5-Year Option ARM Note – SIX-MONTH LIBOR INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)*
Form 663                            Page 1 of 6                                  9/2006

LEHMAN BROTHERS BANK, FSB
327 INVERNESS DRIVE SOUTH            2/09/2007        EXHIBIT H
ENGLEWOOD, CO  80112                                   P. 2 OF 4

STANISLAW S CHRUPCZAK

                                          Loan #: 0045223864
                                   Property Address: 8314 WEST 91ST STREET
8314 WEST 91ST  STREET                                HICKORY HILLS , IL 60457
HICKORY HILLS, IL 60457

# FIRST PAYMENT NOTICE

Dear Borrower:

We wish to take this opportunity to welcome you to LEHMAN BROTHERS BANK, FSB
Please make all future payments beginning    4/01/2007        to:

 Regular Mail:                              Overnight Services:
 Aurora Loan Services, Inc.                 Aurora Loan Services, Inc.
 Attn: Cashiering Dept.                     Attn: Cashiering Dept.
 PO Box 5180                                10350 Park Meadows Drive
 Denver, CO  80217-5180                     Littleton, CO  80124

Your payment in the amount of $        304.43    consists of the following:

|  |  |  |
|---|---|---|
| Principal & Interest | $ | 304.43 |
| Less Buydown Subsidy | $ |  |
| County/City property taxes | $ |  |
| Hazard Insurance | $ |  |
| Flood Insurance | $ |  |
| MMI/PMI Insurance | $ |  |
| Annual assessments | $ |  |
| ESCROW SHORTAGE | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |
| Total Monthly Payment | $ | 304.43 |

The escrow portion of your payment is equivalent to 1/12th of each disbursement and is subject to change
by the Loan Servicer as determined by any increase or decrease in taxes or insurance. You should receive
a payment coupon book (or a statement of same) from the Loan Servicer prior to the due date of your first
monthly payment. In the event that you do not receive a coupon book or statement, please mail your
check showing your loan number for the TOTAL PAYMENT to the address indicated above.

If you have any questions, please call the
        Loan Servicing Department at 1-800-550-0508
The undersigned borrower(s) hereby acknowledge receipt of a copy of this letter,

_Stanislaw Chrupczak_   02/09/07
STANISLAW S CHRUPCZAK        Date                                    Date


                              Date                                    Date

HM1030 (Rev. 2-2000)

10002544000364096S
0045223864

EXHIBIT H
P. 3 OF 4

### NOTE

February 9, 2007      NAPERVILLE      ILLINOIS
*Date*      *City*      *State*

8314 WEST 91ST STREET,      HICKORY HILLS,      ILLINOIS      60457
*Property Address*

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 41,000.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

**2. INTEREST**

I will pay interest at a yearly rate of 8.125 %.

Interest will be charged on that part of principal which has not been paid. Interest will be charged beginning on the date of this Note and continuing until the full amount of principal has been paid.

**3. PAYMENTS**

I will pay principal and interest by making payments each month of U.S. $ 304.43

I will make my payments on the first day of each month beginning on April, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on March 1, 2037 I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at 327 INVERNESS DRIVE SOUTH ENGLEWOOD, CO 80112 or at a different place if required by the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment, but not less than U.S. $ 15.23 and not more than U.S. $ 15.23. I will pay this late charge only once on any late payment.

(B) Notice from Note Holder

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

(C) Default

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE SECURED BY A MORTGAGE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated February 9, 2007, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

ILLINOIS - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

Form 3914

Page 1 of 2
VMP MORTGAGE FORMS - (800)521-7291

-75(IL) (0204)

Initials: S.C

100025440003640965
0045223864

EXHIBIT
P, 4 OF 4

**6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7. BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8. GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

_____ (Seal)
STANISLAW S CHRUPCZAK         -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

[Sign Original Only]