IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANISLAW S. CHRUPCZAK and ELZIBETA T. CHRUPCZAK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AURORA LOAN SERVICES, INC., LEHMAN BROTHERS BANK, FSB, ELITE FINANCIAL INVESTMENTS, INC., ALAN WALSH, LUKASZ CIUDA and LAWYERS TITLE INSURANCE COMPANY,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　No. 08 C 1404<br>)<br>)　Judge Leinenweber<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MOTION TO DISMISS

NOW COMES the Defendant, Lawyers Title Insurance Corporation, erroneously named herein as Lawyers Title Insurance Company, by and through its attorneys, Larson & Associates, P.C., and pursuant to Federal Rules12(b)(6), moves this Court for the entry of an Order dismissing Count XIII of the Complaint for Recission *(sic)* of Mortgages and for Other Damages filed by Plaintiffs Stanislaw S. Chrupczak and Elzibeta T. Chrupczak. In support of said motion, Defendant states as follows:

Statement of the Case

This proceeding involves a case of borrowers remorse arising from a residential mortgage refinance. In their Complaint for Recission *(sic)* of Mortgages and for Other Damages (the "Complaint"), Plaintiffs Stanislaw S. Chrupczak ("Stanislaw") and Elzibeta T. Chrupczak ("Elzibeta") contend they were duped into refinancing their existing home mortgage by employees of Elite Financial Investments, Inc. ("Elite"). As a result of the transaction, Stanislaw and Elzibeta assert that they needlessly incurred a prepayment penalty, paid "excessive" loan origination fees and

substituted materially inferior loans for their existing mortgage debt. A copy of the Complaint is attached hereto as Exhibit "A".

The Complaint is comprised of 18 counts in which Stanislaw and Elzibeta assert a litany of claims ranging from alleged breaches of fiduciary duty, fraud and rescission to purported violations of the Real Estate Settlement Procedures Acts of 1974, 12 U.S.C. §2601, *et seq.* ("RESPA"). As to Defendant Lawyers Title Insurance Corporation ("LTIC"), the pleading includes a single count in which Stanislaw and Elzibeta claim that LTIC violated RESPA by assessing a $100.00 charge for "notary service" as well as other unidentified "improper" fees.

Argument

Rule 12(b)(6) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 12(b)(6), contemplates the involuntary dismissal of a complaint where a pleading is legally insufficient to state a claim upon which relief may be granted. *United States v. Crown Zellerbach Corp.*, 141 F. Supp. 118 (N.D. Ill. 1956). In this regard, a complaint may be properly dismissed for failure to state a claim when the plaintiff can prove no set of facts entitling him to relief. *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). While the facts contained in a challenged pleading (and the reasonable inferences that may be drawn therefrom) are to be liberally construed, conclusions of law and other allegations not supported by specific facts are deemed inadmissible. *Reichenberger v. Pritchard*, 660 F.2d 280, 282 (7th Cir. 1981).

In considering a Rule 12(b)(6) motion, a court may not only consider the allegations of the challenged pleading, but also any exhibits attached thereto. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). This is consistent with the provisions of Rule 10(c) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 10(c), which provides that "a copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." This Court is not bound to accept the plaintiff's allegations as to the exhibits, but should independently examine the document and

form its own conclusions. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657 (7th Cir. 2002). Viewed in light of this standard, as well as the language of applicable case and statutory law, it is apparent that the allegations of the Complaint fail to state a cause of action against LTIC for a violation of RESPA.

In pertinent part, Section 2607 of RESPA prohibits the splitting "of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan…" As explained in *Durr v. Intercounty Title Co.*, 14 F.3d 1183, 1186 (7th Cir. 1993):

> At its core, RESPA is an anti-kickback statute. Its purpose is to prohibit all kickback and referral fee arrangements whereby any payment is made or thing of value is furnished for the referral or real estate settlement business.

(citations omitted). As applied to title companies, RESPA does not provide borrower recourse for "overcharges" absent independent indicia that the unearned or improper fee was shared with a third party. *Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623, 627 (7th Cir. 2001).

In the present instance, the Complaint fails to demonstrate that LTIC received, much less shared an improper charge. Specifically, as evidenced by Line 1106 of the HUD-1 Settlement Statement (the "HUD") attached as Exhibit "D" to the Complaint, the excessive "notary fee" of which Stanislaw and Elzibeta complain was actually assessed by and paid to "Level Title", an entity with no alleged relationship to LTIC. As for the $435.00 in title charges actually paid to LTIC, the Complaint includes no allegation that the sums were improperly shared with another entity or individual. Absent such indicia, the Complaint obviously fails to demonstrate the existence of an actionable RESPA violation.

3

WHEREFORE, the Defendant, Lawyers Title Insurance Corporation, prays for the entry of an Order dismissing, with prejudice, Count XIII of the Complaint for Recission *(sic)* of Mortgages and for Other Damages filed by Plaintiffs Stanislaw S. Chrupczak and Elzibeta T. Chrupczak, for an award of its costs incurred herein and for such further and additional relief as this Court deems just and appropriate.

LAWYERS TITLE INSURANCE CORPORATION

By: _/s/ James A. Larson_
One of its Attorneys

James A. Larson, Esq.
Larson & Associates, P.C.
230 W. Monroe – Suite 2220
Chicago, Illinois 60606
(312) 422-1900
ARDC No. 6195947