IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Stanislaw S. Chrupczak and<br>Elzibeta T. Chrupczak, | ) <br> ) <br> ) | Case No. 08 C 1404 |
| Plaintiffs, | ) <br> ) | Judge Leinenweber |
| v. | ) <br> ) | |
| Aurora Loan Services, Inc. et al. | ) <br> ) | |
| Defendants. | ) | |

<u>Plaintiffs' Response to Defendant Lawyers Title Insurance Corporations' Motion to Dismiss</u>

NOW COME Stanislaw Chrupczak and Elzibeta Chrupczak (collectively, "Plaintiffs"), through their attorneys Kelli Dudley, Laura Bautista and Amir Mohabbat, and respond to Defendant Lawyers Title Insurance Corporation's (hereinafter "LTIC") motion to dismiss as follows:

I.     <u>Background</u>

Plaintiffs brought a multi-count suit against Defendants. As to LTIC specifically, Plaintiffs allege LTIC violated the Real Estate Settlement Procedures Act of 1974 (RESPA) by accepting a kickback from Plaintiffs' lender. LTIC filed a motion to dismiss the count in the complaint against it pursuant to FRCP 12(b)(6). LTIC's motion is without grounds; the count LTIC seeks to dismiss clearly states a claim against LTIC upon which relief may be granted.

II.     <u>Argument.</u>

Count XIII of Plaintiff's complaint alleges that LTIC violated Section 2607 of RESPA. In fact, the allegations of the count are succinct, straightforward and well-plead.

1

Tellingly, LTIC chose not to quote section 2607 of RESPA in its entirety in its motion, instead choosing to take creative liberties in its summary of the statue and case law from 2001 that, if believed to be accurate representations of RESPA, would be tantamount to re-writing RESPA.

Section 2607(a) of RESPA states:

No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

Plaintiffs clearly allege in their complaint that Plaintiffs were required by Defendants to close their loan with the title services of LTIC, that LTIC received an inflated and unlawful fee for providing notary services in connection with the closing and that said inflated fee was a kickback from lender. See Paragraphs 138-140 of Plaintiffs' Complaint, pages 33-34. Fitting the conduct condemned by section 2607(a) of RESPA, LTIC, a legal person, accepted a fee, which is a thing of value, pursuant to an agreement or understanding, oral or otherwise, which amounted to business incident to a real estate settlement service involving a federally related mortgage.

Plaintiffs have adequately pled its cause of action against LTIC, which is all they are required to do. Plaintiffs need not satisfy any "independent indicia" test, as LTIC implies in its motion. Requiring Plaintiffs to satisfy such a test runs afoul of the clear and unambiguous black letter law of Section 207 of RESPA.

In addition, LTIC seems to misunderstand the purpose of FRCP 12(b)(6) by making reference to a company named "Level Title". To begin with, Plaintiffs assert that LTIC, misnamed itself as the recipient of the notary fee on the HUD-1 Settlement Statement that LTIC references in its motion. Such a misnaming, although embarrassing

to LTIC, is tantamount to a typo that Plaintiffs will overlook. However, even if Plaintiffs did not assert that LTIC misnamed itself, Plaintiffs have properly alleged that LTIC violated RESPA. LTIC's implicit discussion of which is truly at fault for the violation of RESPA, LTIC or "Level Title", is a question that goes to what Plaintiffs can prove and must be saved for a discussion concerning the merits of Plaintiffs' claim. A motion pursuant to FRCP 12(b)(6) is an improper vehicle to use when addressing the merits of a claim and the facts that may support it.

Finally, Plaintiffs have adequately prayed for relief that will make them as near to whole as possible in light of the acts of Defendants' alleged in the complaint and LTIC does not allege that the prayer for relief was inadequate.

WHEREFORE, Plaintiffs request that this honorable court deny LTIC's motion to dismiss pursuant to FRCP 12(b)(6) and for all other relief that it deems to be appropriate.

Dated: August 5, 2008

Respectfully submitted,

/s/ Amir Mohabbat

Kelli Dudley
Laura Bautista
Amir Mohabbat
Attorney Number: 6286891
The Chicago Legal Clinic, Inc.
Phone: (815) 501-1345
Facsimile: (708) 386-9727
amir@chicagolandlawfirm.com

Attorneys for Plaintiffs.