IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANISLAW S. CHRUPCZAK and ELZIBETA T. CHRUPCZAK, </br></br>           Plaintiff, </br></br> v. </br></br> AURORA LOAN SERVICES, INC., LEHMAN BROTHERS BANK, FSB, ELITE FINANCIAL INVESTMENTS, INC., ALAN WALSH, LUKASZ CIUDA and LAWYERS TITLE INSURANCE COMPANY, </br></br>           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  No. 08 C 1404 </br></br> Judge Leinenweber |

REPLY MEMORANDUM IN
SUPORT OF MOTION TO DISMISS

NOW COMES the Defendant, Lawyers Title Insurance Corporation, erroneously named herein as Lawyers Title Insurance Company, by and through its attorneys, Larson & Associates, P.C., and for its reply memorandum in support of its Motion to Dismiss Count XIII of the Complaint for Recission *(sic)* of Mortgages and for Other Damages filed by Plaintiffs Stanislaw S. Chrupczak and Elzibeta T. Chrupczak, states as follows:

Argument

In their response memorandum, Stanislaw and Elzibeta argue that LTIC's Motion to Dismiss fails to accurately describe the salient provisions of RESPA's fee splitting prohibition. Having leveled this assertion, however, Stanislaw and Elzibeta neglect to provide a contrary analysis other than to recite the plain language of the statute. Perhaps not surprisingly, the text of the act falls short of fully delineating the elements of an actionable violation.

As explained in *Weizeorick v. ABN Amro Mortgage Group, Inc.,* 337 F.3d 827, 831 (7th Cir. 2003):

> A well-pleaded complaint based upon a violation of [RESPA] must allege that the defendant shared an unearned fee with a third party to the real estate transaction.

In this regard, mere receipt of an overcharge, absent concurrent evidence that the inflated fee was shared with a third-party, does not constitute a RESPA violation. *Krzalic v. Republic Title Co.,* 314 F.3d 875, 879 (7th Cir. 2002).

In the present instance, Stanislaw and Elzibeta do not allege that LTIC shared an unearned fee with any co-defendant. Rather, the Complaint merely avers that LTIC enjoyed a "relationship" with Defendants Lehman Brothers Bank, FSB ("Lehman") and Aurora Loan Services, Inc. ("Aurora") in which LTIC was permitted to close mortgage loans for the companies. Apparently, Stanislaw and Elzibeta believe this relationship, coupled with the fact that Lehman and Aurora allegedly required that LTIC close their refinance, subjects LTIC to independent liability under RESPA Section 2608(a).

In pertinent part, Section 2608(a) prohibits a "seller" of real property from dictating that purchasers acquire title insurance from a particular carrier. The prohibition is limited solely to "sellers" of property, not to mortgage lenders providing financing or title companies performing closing services. Since the transaction forming the basis of Stanislaw and Elzibeta's claim involves a refinance of existing mortgage debt, Section 2608(a) is obviously inapplicable. What's more, even if applicable, no interpretative case law exists suggesting that in closing a seller-mandated transaction, a title company becomes independently liable under Section 2608(a). Such liability would seemingly only arise through independent indicia that the carrier improperly shared or "kicked-back" a fee to a seller or other third-party.

Conclusion

For the reasons set forth herein, LTIC requests the entry of an Order dismissing, with prejudice, Count XIII of the Complaint.

WHEREFORE, the Defendant, Lawyers Title Insurance Corporation, prays for the entry of an Order dismissing, with prejudice, Count XIII of the Complaint for Recission *(sic)* of Mortgages and for Other Damages filed by Plaintiffs Stanislaw S. Chrupczak and Elzibeta T. Chrupczak, for an award of its costs incurred herein and for such further and additional relief as this Court deems just and appropriate.

                                      LAWYERS TITLE INSURANCE CORPORATION

                                      By:    /s/ *James A. Larson*
                                                      One of its Attorneys

James A. Larson, Esq.
Larson & Associates, P.C.
230 W. Monroe – Suite 2220
Chicago, Illinois 60606
(312) 422-1900
ARDC No. 6195947