IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Chrupczak, et al. | ) | Case No. 08 C 1404 |
| | ) | |
| Plaintiffs, | ) | Judge Leinenweber |
| | ) | |
| v. | ) | |
| | ) | |
| Aurora Loan Services, Lehman Brothers | ) | |
| Bank, FSB, Elite Financial Investments, Inc., | ) | |
| Alan Walsh, Lukasz Ciura, and Lawyers | ) | |
| Title Insurance Company | ) | |
| | ) | |
| Defendants. | ) | |

<u>Plaintiffs' Motion for Extension of Time to Make Service on Defendants Elite Financial Investments, Inc., Alan Walsh and Lukasz Ciura Pursuant to FRCP 4(m)</u>

NOW COME Stanislaw and Elzibeta Chrupczak (collectively, "Plaintiffs") and move this honorable court for an extension of time to serve Defendants Elite Financial Investments, Inc. ("EFI"), Alan Walsh ("Walsh") and Lukasz Ciura ("Ciura") as follows:

I.    <u>Background</u>

Plaintiffs filed their Complaint in the Circuit Court of Cook County on February 7, 2008.  Defendant Aurora Loan Services ("Aurora") filed a motion to transfer this matter to the U.S. District Court for the N.D. of Illinois; federal causes of action are alleged against each defendant.  Aurora's motion was granted and this case was transferred on March 10, 2008.

On or about May 25, 2008, Plaintiffs sent requests for waivers of service, along with all other necessary documents for the remaining defendants to waive service. Defendants EFI, Walsh and Ciura have not waived service.  Pursuant to a previous

motion for extension of time to make service that was granted, Plaintiffs have until August 31, 2008 to serve them and seek an extension herein.

II. Argument.

FRCP 4(m) and case law indicate that if a Plaintiff shows good cause for not making service on a Defendant within 120 days after the complaint is filed or transferred to federal court, the court may extend the time for service for an appropriate period.

Within the 120 days following the date this case was transferred to federal court, counsel for Plaintiffs served requests for waivers of service and all other necessary documents for waiver to each un-served defendant. At this late stage EFI, Walsh and Ciura appear to have elected not to waive service. Plaintiffs retained a process server to make service but EFI, Walsh and Ciura have vacated their last known address, having moved, and are likely evading service of process. Plaintiffs must now undertake the additional effort and expense of skip tracing EFI, Walsh and Ciura and making service with the assistance of additional process servers.

Plaintiffs have acted diligently at all times and do not bring this motion for purposes of delay or dilatory motive. None of the parties would be prejudiced by an order granting Plaintiffs' instant motion and judicial resources would be preserved by an order granting the motion; an order denying the instant motion and dismissing Defendants EFI, Walsh and Ciura would be without prejudice and Plaintiffs would have no choice but to file a new cause of action against them, further exhausting judicial resources.

WHEREFORE, Plaintiffs request that this honorable court grant them additional time, up to and including October 31, 2008, to make service on Defendants EFI, Walsh and Ciura.

Dated: August 26, 2008

Respectfully submitted,

/s/ Amir Mohabbat

Amir Mohabbat
Kelli Dudley
Laura Bautista
The Chicago Legal Clinic
2938 E. 91st St.
Chicago, Illinois 60617
Telephone: (815) 501-1345
Facsimile: (708) 386-9727
amir@chicagolandlawfirm.com

Attorneys for Plaintiffs.