## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1404 | **DATE** | 9/10/2008 |
| **CASE TITLE** | Chrupczak v. Aurora Loan Services, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendant Lawyers Title Insurance Corporation's Motion to Dismiss Count XIII of the Complaint [16] pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted. Count XIII is dismissed without prejudice. The oral ruling date of 9/11/2008 is hereby stricken. Status hearing set for 9/25/2008 at 9:00 a.m.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

### STATEMENT

　　　　Plaintiffs allege in Count XIII that Defendant Lawyers Title Insurance Corporation ("LTIC") violated 12 U.S.C. § 2607, or Section 8 of the Real Estate Settlement Procedures Act of ("RESPA"), by accepting inflated fees, including but not limited to a $100 notary fee. Compl. ¶¶ 137-142. The Complaint alleges that "[t]he notary fee and other fees constitute a violation of RESPA because they are a kick-back not reasonably related to the services performed." *Id.* ¶ 140. Defendant argues that Count XIII should be dismissed because Plaintiff has not alleged that LTIC improperly shared these fees with a third party, and therefore, no violation of RESPA has been stated.
　　　　The relevant provision of RESPA provides:

(a) Business referrals
No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.
(b) Splitting charges
No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2607(a) & (b). Subsection (a) prohibits accepting fees for referrals, and subsection (b) prohibits splitting fees other than for services actually performed. "To allege a violation under § 2607(a) or (b) after [*United States v.*] *Gannon*[, 684 F.2d 433 (7th Cir. 1981)], *Echevarria*[ *v. Chicago Title & Trust Co.*, 256 F.3d 623 (7th Cir. 2001)], and *Krzalic*[ *v. Republic Title Co.*, 314 F.3d 875 (7th Cir. 2002)], a plaintiff must allege that a defendant received or was given a kickback or unearned fee from a third party, unless the defendant was acting in a dual capacity as in *Gannon*." *Haehl v. Washington Mut. Bank, F.A.*, 277 F. Supp.

**STATEMENT**

2d 933, 937 (S.D. Ind. 2003).

In their response Defendant's motion, Plaintiffs argue that LTIC obtained a referral fee or kickback from the lender in violation of 12 U.S.C. § 2607(a).  *See* Response at 2.  However, this allegation is not included in their Complaint.  The Complaint states that "Defendants required the Chrupczaks to close at Lawyers Title in order for them to obtain their loans," Compl. ¶ 138, but it does not allege that LTIC received a referral fee *from a third party* or that this fee was split between LTIC *and any third party* (such as the lender).  Thus, Plaintiffs have failed to state a claim upon which relief may be granted.

For the foregoing reasons, Defendant's motion is granted.  Count XIII is dismissed without prejudice.